IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, GDC 758572, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: 2:19-CV-816-WHA |
|  | ) [WO] |
| ALL STATE OF GEORGIA INCARCERATED FACILITIES, *et al.*, | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner, an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* action under 28 U.S.C. § 2241. While much of the petition is incomprehensible or illegible,[1] Petitioner seems to indicate that he seeks to challenge matters associated with how a sentence he is serving in the Georgia Department of Corrections is being executed. Doc. 1 at 1. On review, the court concludes the petition is due to be dismissed for lack of jurisdiction.

### I. DISCUSSION

A petitioner's challenge to the execution of his sentence is properly considered under § 2241, the general habeas statute. *Williams v. Pearson*, 197 Fed. App'x. 872, 876 (11th Cir. 2006). As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [him] in what is alleged to be unlawful custody."). While § 2241(d) creates an explicit exception to the exclusive "district-of-confinement" rule, allowing that a state

---

[1] The words that can be deciphered from the petition appear largely to concern an automobile "that was worth a fortune," which petitioner seeks to have returned to him.

prisoner may, in the alternative, file in the district in which he was convicted and sentenced in state court, a federal district court lacks jurisdiction under §§ 2241(a) and (d) to entertain a state prisoner's habeas petition challenging present physical confinement when that federal court is in neither the district of confinement nor the district where the prisoner was convicted or sentenced. *See Dobard v. Johnson*, 749 F.2d 1503, 1505-07 (11th Cir. 1985).

Considering the above principles, this court lacks jurisdiction over Petitioner's habeas petition. Petitioner is confined at the Sumter County Jail in Americus, Georgia. As such, the district of confinement for Petitioner is the Middle District of Georgia. See 28 U.S.C. § 90(b)(4). Likewise, Petitioner's conviction record reflects he is serving a term of imprisonment imposed by a Georgia state court. *See https://dcor.state.ga.us/GDC/Offender* (last visited October 29, 2019). Accordingly, under § 2241(d), the only court with jurisdiction to entertain Petitioner's habeas petition is a federal court in Georgia. Because this court lacks jurisdiction under § 2241(d), the petition is subject to dismissal and the court finds the "interests of justice" warrant no transfer of this case to a federal court in Georgia.[2] *See* 28 U.S.C. § 1406(a).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for lack of jurisdiction.

It is further

---

[2] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Petitioner's well-documented practice of filing "frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia. *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M. D. Ga. 2019) (Doc. 5) (sanctioning Petitioner from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.).

ORDERED that **on or before December 2, 2019**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised that this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 14th day of November, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge